J. A06011/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASCENZI, | : | |
| | : | |
| Appellant | : | No. 1461 MDA 2015 |

Appeal from the Judgment of Sentence July 22, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division No(s).: CP-40-SA-0000114-2015

BEFORE: LAZARUS, J., STABILE ,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:						**FILED MAY 26, 2016**

Appellant, Michael J. Ascenzi, appeals *pro se* from the Judgment of Sentence entered in the Court of Common Pleas of Luzerne County following his convictions for Driving While Operating Privilege is Suspended or Revoked and Driving with an Unsecured Load.[1]   After careful review, we dismiss.

The facts are not relevant to our determination.  Appellant's brief is insufficient, hard to comprehend, unsupported, and at times illegible. Appellant failed to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review.

---

[1] 75 Pa.C.S. § 1543(a); 75 Pa.C.S. § 4903, respectively.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101.

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams, supra** at 498 (citation omitted).

Our review of Appellant's brief exposes substantial violations of the Rules of Appellate Procedure. While Appellant's Brief does contain various sections as required by Pa.R.A.P. 2111(a), the sections are decidedly inadequate.

Appellant's standard and scope of review section pursuant to Pa.R.A.P. 2111(a)(3) is entitled "Standard Scope of Review" and fails to state what the standard of review is, fails to state what the scope of review is, and fails to provide citations to any supporting authority. Appellant's Brief at 6. Rather, Appellant makes sweeping assertions about this Court's "duty" to "appy the proper resolution in solving 'inte aila' errors of law and securing the

constitutional amendments, or state articees as the same." ***Id.*** (capitalization omitted; spelling and grammatical errors in original).

Appellant includes a "Statement of Questions Involved" pursuant to Pa.R.A.P. 2116, which contains the following two paragraphs, verbatim:

> WAS THE NATURE OFFICE DUMONTS ACTIONS TO STALL THE SERVICE OF SAID CITATIONS A VIOLATION OF THE RULE. WHERE IN FACT HE WAS IN FULL KNOWLEDGE ABOUT THE SUSPENSION OF DRIVING PRIVILAGES, AND THAT THE DEFENDANT LIVE IN FLORIDA NOW, LADY LACK. ALSO THE DEFENDANT WOULD HAVE HAD AMPLE OPPORTUNITY TO TAKE PICTURES OF SAID METALS AT QUESTION.
>
> THE INTENTION OF THIS OFFICER'S CONDUCT AND BIASNESS MONTS TO A JUSTIFICATION OF ILL WILL AND PREDJUDICE TOWARDS THIS WHOLE CASE. HE SHIFTED THINGS AROUND AS HE TESTIFIED, AND JUDGE GELD USHURED HIM RIGHT ON. THE BALANCING BEAN WAS IN THE OFFICER'S FAVOR RIGHT FROM THE START. NO TIER OF FACT COULD PREVAIL ON THESE TERMS BY THE COURT. THE ONLY CONFLICTING TESTIMONY WAS OFFICER DUMONT'S. THIS COURT MUST FIND A VIOLATION OF PROCEDURES AND REVERSE.

Appellant's Brief at 7 (spelling and grammatical errors in original).

Appellant fails to "state concisely the issues to be resolved" in compliance with Pa.R.A.P. 2116(a). Appellant avers "violation of the rule" and "violation of procedures" but fails to cite any rule, any procedures, or any legal authority to guide appellate review. Appellant's Brief at 7.

Lastly, Appellant's "Argument" section fails to comply with the requirements of Pa.R.A.P 2119. Appellant references evidence from the record numerous times, but only provides a specific cite to the record one time. ***See*** Pa.R.A.P. 2119(c) and (d); Appellant's Brief at 9-13. Appellant

provides general citations to case law and one statute but fails to "direct the court's attention to the specific part of the authority on which the party relies" and fails to engage in meaningful discussion or analysis of any authority that he cites. Pa.R.A.P. 126; 2119(a)-(d). The section consists of unorganized thoughts, incomplete citations to the record, and no analysis or discussion of how the cited case law is relevant to the issues Appellant is attempting to raise.

These substantial omissions preclude meaningful review.[2] Accordingly, we suppress Appellant's brief and dismiss his appeal. ***See Adams, supra*** at 497-98; Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2016

---

[2] The court notes that the Appellant failed to appear for oral argument, which also precluded this Court from reviewing the appeal in a meaningful way.